IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALTER McCULLOUGH                                           PETITIONER

VS.                    CASE NO. 5:05CV00328 SWW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                            RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## DISPOSITION

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Walter McCullough, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his conviction following a 2005 jury trial in Craighead County Circuit Court on the charges of committing a terroristic act and first degree battery. Petitioner was sentenced to a total of eighty years of imprisonment. A direct appeal, according to both the petitioner and respondent, is pending. Petitioner contends that he filed a motion for new trial, which was denied by the trial court. In this petition, he complains that he has been unable to appeal the denial of his motion for new trial.

The respondent, noting the pending appeal and citing 28 U.S.C. § 2254(b)(1)(A), urges that the petition should be dismissed for failure to exhaust available state court remedies. The statute cited by the respondent provides "an application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."

Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*.

However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy. A direct appeal is a basic remedy available to Mr. McCullough. This Court should allow the petitioner to pursue his direct appeal and, as a matter of comity, allow the state courts to address the petitioner's claims. *Mellott v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995).

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice, and the relief requested be denied.

IS SO ORDERED this __27__ day of January, 2006.

_____
United States Magistrate Judge